UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TERRY LEE KINSLOW, ) | |
| ) | |
| Plaintiff ) | |
| ) | CAUSE NO. 3:05-CV-384 RM |
| vs. ) | |
| ) | |
| EDWIN BUSS, *et al.* ) | |
| ) | |
| Defendants ) | |

OPINION AND ORDER

Terry Lee Kinslow, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). Weiss v. Colley, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is

> entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Kinslow alleges that he was attacked by fellow inmates. Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (citations and internal punctuation omitted).

> [I]t does not matter whether a prisoner faces an excessive risk of attack for reasons personal to him or because all prisoners in his situation face such a risk.

Pierson v. Hartley, 391 F.3d 898, 903 (7th Cir. 2004) (quotation marks omitted). Nevertheless, prison officials cannot be expected to eliminate the possibility of all attacks because the prison system is always potentially dangerous and sometimes explosive. McGill v. Duckworth, 944 F.2d 344, 345 (7th Cir. 1991) ("Prisons are dangerous places"). Thus, the right to reasonable protection does not include the right to protection from random acts of violence. *See,* McGill v. Duckworth, 944 F.2d 344, 348 (7th Cir. 1991) ("some level of brutality . . . among prisoners is inevitable no matter what guards do"). When one inmate attacks another, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen . . .." Halley v. Gross, 86 F.3d 630, 640 (7th Cir. 1996).

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.,* the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

> Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.

Pierson v. Hartley, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." Duane v. Lane, 959 F.2d 673, 677 (7th Cir. 1992). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." McGill v. Duckworth, 944 F.2d 344, 347 (7th Cir. 1991). It is not enough to show that a defendant merely failed to act reasonably. Gibbs v. Franklin, 49 F.3d 1206, 1208 (7th Cir. 1995). Deliberate indifference can be inferred only where defendants know there is a strong likelihood rather than a mere possibility that violence will occur. Watts v. Laurent, 774 F.2d 168, 172 (7th Cir. 1985).

Mr. Kinslow alleges that contraband was found in dormitory P2 where he was housed and that guards announced that the dorm would be punished collectively if the individual(s) responsible did not identify himself. He alleges that

other inmates threatened him and told that if he didn't take the blame, they would beat him. Mr. Kinslow alleges that in the early evening hours of Saturday, January 22, 2005, he was attacked by the inmates who had previously threatened him.

Mr. Kinslow names several John Doe defendants whom he is unable to identify by name. "[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under FED. R. CIV. P. 15, nor can it otherwise help the plaintiff." Wudtke v. Davel, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). Therefore the John Doe defendants, and the claims against them, will be dismissed. If Mr. Kinslow is later able to identify any of these guards and can state a claim against them at that time, he may then file a motion seeking to amend his complaint.

Mr. Kinslow names the Indiana Department of Correction (IDOC) and the Westville Correctional Facility as defendants. States and their agencies are not persons for purposes of 42 U.S.C. § 1983. *See* Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Therefore these defendants will be dismissed.

Mr. Kinslow alleges that he was not a violent inmate but that he was placed in a dorm with violent inmates. He alleges that he and the violent inmates were assigned to that dorm by Larry Warg, Linda Depauw, Tommy Horne, Edwin Buss, and Sharon Hawk. Giving Mr. Kinslow the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, this states a claim for monetary damages against these defendants in their individual capacities for subjecting him to cruel and unusual punishment in violation of the Eighth Amendment.

Mr. Kinslow alleges that only one guard was assigned to guard his dorm. He alleges that the dorm contained approximately 125 inmates and that the guard was unable to see any of the sleeping areas from his station. He alleges that there had been three to five violent incidents in his dorm during the prior four to six weeks. He alleges that the guard assignments were made pursuant to the policy and practice of Edwin Buss and Sharon Hawk.

"To establish a claim in an official capacity suit, a plaintiff must show that the actions on which liability is predicated took place pursuant to a government policy or custom." Hadi v. Horn, 830 F.2d 779, 782 (7th Cir. 1987). Giving Mr. Kinslow the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, this states a claim against these two defendants for both injunctive relief in their official capacity and monetary damages in their individual capacity for subjecting him to cruel and unusual punishment in violation of the Eighth Amendment.

Mr. Kinslow alleges the policy of punishing an entire dormitory for violations not attributable to a single inmate motivated his attackers to threaten him to confess to the violation so that they would not be punished. Mr. Kinslow alleges this policy was established and enforced by Edwin Buss and Sharon Hawk. Giving Mr. Kinslow the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, this states a claim against these two defendants for both injunctive relief in their official capacity and monetary damages in their individual

5

capacity for subjecting him to cruel and unusual punishment in violation of the Eighth Amendment.

Mr. Kinslow alleges the violation of several state laws and IDOC policies. The violation of state laws and agency policies is neither a constitutional violation nor a violation of § 1983. *See* Alvarado v. Litscher, 267 F.3d 648 (7th Cir. 2001). Therefore these claims will be dismissed.

Mr. Kinslow brings these various claims alleging violations of 42 U.S.C. § 1983, the Fifth Amendment, the Eighth Amendment, and the Fourteenth Amendment. The Fifth Amendment and the Fourteenth Amendment are inapplicable to the facts alleged in this complaint, but their dismissal does not alter the validity of Mr. Kinslow's claims pursuant to 42 U.S.C. § 1983 and the Eighth Amendment as previously explained in this opinion. Therefore any claims pursuant to the Fifth and Fourteenth Amendments will be dismissed.

Mr. Kinslow alleges that he is mentally disabled and attempts to bring a claim under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (ADA). While the ADA applies to inmates, Pennsylvania Dep't of Corrections v. Yeskey, 524 U.S. 206 (1998), it does not apply to the facts alleged in this case. The essence of an ADA claim is discrimination. The complaint does not support an allegation that Mr. Kinslow's disability needed any accommodation or that inmates similarly situated, but not disabled, were in any less danger as a result of the alleged actions or omissions of the defendants. Therefore this claim will be dismissed.

Finally, Mr. Kinslow alleges the state law tort of negligence. Before such a claim can be brought in court, a plaintiff must file a notice of tort claim and adhere to the provisions of the Indiana Tort Claims Act (INDIANA CODE 34-13-3-1 *et seq.*). Mr. Kinslow does not allege, and based on this complaint it would not be reasonable to infer, that he has filed a notice of tort claim or otherwise complied with the provisions of this act. Therefore these claims will be dismissed. If Mr. Kinslow is later able to demonstrate that he has taken the necessary steps to pursue these state law claims, he may file a motion to amend seeking to restore them to this case. Until then, these claims will be dismissed.

For the foregoing reasons, the court:

(1) **GRANTS** Terry Lee Kinslow leave to proceed against Larry Warg, Linda Depauw, Tommy Horne, Edwin Buss, and Sharon Hawk in their individual capacities for monetary damages for subjecting him to cruel and unusual punishment in violation of the Eighth Amendment by assigning him to the same dorm to which they had also assigned violent inmates thereby resulting in his injuries on Saturday, January 22, 2005;

(2) **GRANTS** Terry Lee Kinslow leave to proceed against Edwin Buss and Sharon Hawk in both their individual capacities for monetary damages and in their official capacities for injunctive relief for subjecting him to cruel and unusual punishment in violation of the Eighth Amendment by creating and enforcing the policy and practice of guard assignments which limited the number of guards to fewer than were necessary to control the violent

inmates housed in the P2 dormitory thereby resulting in his injuries on Saturday, January 22, 2005;

(3) **GRANTS** Terry Lee Kinslow leave to proceed against Edwin Buss and Sharon Hawk in both their individual capacities for monetary damages and in their official capacities for injunctive relief for subjecting him to cruel and unusual punishment in violation of the Eighth Amendment by creating and enforcing the policy and practice of collective punishment when a rule violation has not been attributed to a specific inmate thereby resulting in his injuries on Saturday, January 22, 2005;

(4) **DISMISSES** all other claims;

(5) **DISMISSES** John Doe, Jane Doe, the Indiana Department Corrections, and the Westville Correctional Facility;

(6) **DIRECTS** the clerk to transmit the summons and USM-285's for Larry Warg, Linda Depauw, Tommy Horne, Edwin Buss, and Sharon Hawk to the United States Marshals Service along with a copy of this order and a copy of the complaint;

(7) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Larry Warg, Linda Depauw, Tommy Horne, Edwin Buss, and Sharon Hawk ; and

(8) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Larry Warg, Linda Depauw, Tommy Horne, Edwin Buss, and Sharon Hawk respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10.1,

only to the claims for which Terry Lee Kinslow has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: November 23 , 2005

/s/ Robert L. Miller, Jr.<br>Chief Judge<br>United States District Court